IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Ronnie Davis on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PennyMac Loan Services, LLC.,<br><br>Defendant. | CIVIL ACTION FILE NO._____<br><br>**CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT FOR
## VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW**, the Plaintiff, Ronnie Davis on behalf of himself and all others similarly situated, by and through the undersigned counsel and files this Class Action Complaint against the above named Defendant, respectfully showing the Court as follows:

### INTRODUCTION

1.

This action seeks redress for debt collection practices utilized by Defendant PennyMac Loan Services, LLC. (hereinafter "Defendant PennyMac" or "Defendant") that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692(e) and §1692g(a)(2) by improperly identifying the creditor in a debt validation notice and in the same letter §1692(e) for claiming in

one sentence it is the actual creditor and in the very next sentence stating it does not own the loan and only services the loan for the actual creditor. Finally, since the debt validation letter discussed *infra* is, upon information and belief a form letter sent to thousands of consumers within the past year, Plaintiff also seeks to represent a class of individuals that received the form letter and is asking this Honorable Court to award statutory damages and attorney fees to the Plaintiff and putative class members.

## PARTIES AND SERVICE

2.

Plaintiff Ronnie Davis is a natural person who is the subject of the dispute complained about herein and is currently a resident of Gloucester County, Virginia.

3.

Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt in default allegedly owed to another, that was for personal, family or household purposes, to wit, residential mortgage debt incurred to re-finance the mortgage on Plaintiff's primary residence.

4.

Defendant PennyMac Loan Services, LLC. is a foreign limited liability company formed under the laws of the state of Delaware. Its principal office is located 6101 Condor Drive, Ste. 200, Moorpark, California 93021. Defendant is

authorized by the Georgia Department of Banking and Finance to conduct business throughout the State of Georgia and actually does business in the State4l of Georgia.

5.

Defendant is primarily engaged in the business of collecting on promissory notes in default for "creditors"[1] through the mailing of dunning notices and telephone calls to consumers throughout the United States including the Northern District of Georgia.

6.

Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business, the principal purpose of which, is the collection of any debts, and regularly collects and attempts to collect, directly, debts owed or due or asserted to be owed or due another.

7.

Defendant also qualifies a debt collector because it sends out over five thousand (5,000) debt collection letters each month to consumers on behalf of creditors.

---

[1] 15 USC § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. All references in this complaint to the word "creditor" refer to the definition herein.

8.

Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta, Georgia  30361. Once served, Defendant shall be subject to the personal jurisdiction of this Court.

## SUBJECT MATTER JURISDICTION AND VENUE

9.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 28 U.S.C. Sec. 1331 because the claims arise under a federal law,  15 U.S.C. § 1692k(d). The court also possesses diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

10.

Venue in this Court is proper in that Defendant is a resident of, and does business within, the Northern District of Georgia.

## FACTUAL ALLEGATIONS

11.

On or about December 10th, 2012, Plaintiff signed a promissory note in favor of Bank of America, N.A. that was used to re-finance the purchase of his primary

residence and granted Mortgage Electronic Registration Systems, Inc. a Deed of Trust to secure the note that further identified Bank of America, N.A. as the lender.

12.

Plaintiff failed to make payments when due under the note in October 2013 and went into default at that time

13.

As of the date of the filing of this complaint, Plaintiff has never cured the default incurred in October 2013.

14.

On or about December 15th, 2013, while the loan was still in default, Plaintiff received a debt validation letter sent pursuant to 15 U.S.C. § 1692(g) in the mail from Defendant (hereinafter "Letter"). A true and correct copy of the Letter is attached hereto as Exhibit "A".

15.

At the very bottom of the Letter Plaintiff was advised "[T]his is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose".

16.

The Letter at ¶ 3 advised the Plaintiff the name of the creditor is

Defendant PennyMac Loan Services, LLC., thereby attempting to exclude itself from coverage under the FDCPA as a debt collector.

17.

Plaintiff denies he owes a debt to the Defendant, as stated in the Letter, because Defendant PennyMac did not offer or extend credit creating the debt or to whom the debt is owed.

18.

On information and belief the creditor is the trustee for a Government National Mortgage Association (Ginnie Mae) guaranteed mortgage backed security.

19.

In the Letter at ¶ 3 Defendant further advised the Plaintiff "[P]ennyMac Loan Services, LLC. does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor".

20.

In the very same Letter at ¶ 1 Defendant also identified itself as a debt collector covered by the FDCPA and stated "[P]ennyMac Loan Services, LLC as the servicer of your loan, is considered a debt collector… As a result, we are

sending you the following FDCPA Notice containing important information about your loan and your rights under applicable federal and state law." [2]

21.

As a direct and proximate result of Defendant's misidentification of the creditor in the Letter, Plaintiff was confused as to who the creditor was and has had to hire legal counsel and incur additional fees and expenses to identify the true creditor.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint and incorporates the same herein by this specific reference as though set forth herein in full.

23.

15 U.S.C. § 1692(e) states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

---

[2] The 6th circuit recently held "[W]e note, as other circuits have, that "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." Bridge v. Ocwen Federal Bank, FSB, 681 F. 3d 355 (6th Circuit)(2012)

24.

By misidentifying the creditor in the Letter, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of the Plaintiff's debt in violation of 15 U.S.C. § 1692(e).

25.

Defendant used a false, deceptive, or misleading representation or means in connection with the collection of the Plaintiff's debt in violation of 15 U.S.C. § 1692(e) because the Letter at ¶ 3 identified the Defendant as the creditor, not subject to the FDCPA, but then goes on to state that Defendant PennyMac "[d]oes not own your loan, only services your loan on behalf of your creditor" and further claims in ¶ 1 and at the bottom of the Letter to be a debt collector subject to the FDCPA.

26.

15 USC § 1692g(a)(validation of debts) requires a debt collector within five days after the initial communication with a consumer in connection with the collection of any debt (unless the following information is contained in the initial communication or the consumer has paid the debt) to send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27.

Defendant failed to identify the true creditor in the Letter in violation of 15 USC § 1692g(a)(2).

28.

By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for actual damages and statutory damages of up to one thousand dollars ($1,000) per violation pursuant to 15 U.S.C. 1692k *et seq*.

## CLASS ALLEGATIONS

29.

The named Plaintiff and others similarly situated to him repeat and reallege the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by reference as though set forth herein in full.

30.

Plaintiff brings this claim on behalf of a Proposed Class, consisting of:

> All "consumers" (as defined in the FDCPA) to whom Defendant sent (to an address in the United States on or after one year prior to the filing of this Complaint) a debt validation notice identical to or substantially similar to Exhibit "A" that failed to properly identify the "creditor" and/or identified the Defendant as the creditor and further identified the Defendant as a debt collector for the actual creditor.

31.

Excluded from the Proposes Class are: (a) Defendant's board members and executive level officers, including its attorneys; (b) persons who timely and properly exclude themselves from the Settlement Class; (c) persons who, as of the date of entry of the Preliminary Approval Order, have previously executed an individual release of all claims; and (d) all federal judges, their spouses, and persons within the third degree of relationship to them.

32.

Plaintiff seeks class action certification and is authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules

of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

33.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

34.

On information and belief there are more than five thousand (5,000) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

35.

The claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

36.

The claims of class representative Ronnie Davis are typical of the claims of the proposed class.

37.

The questions of law and fact which are common among members of the class are:

(i) whether Defendant violated the FDCPA, 15 U.S.C. § 1692(e) and §1692(g)(a)(2) by falsely identifying the creditor as defined in the FDCPA; and

(ii) whether Defendant violated 15 U.S.C. § 1692(e) because the Letter identified the Defendant as the creditor and further identified the Defendant as an entity that did not own the loan and was itself a debt collector and mortgage servicer for the creditor.

38.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

39.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

40.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

41.

Plaintiff has retained counsel with experience in complex litigation and consumer protection statutes.

42.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

43.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

44.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

45.

The basis for class certification under Rule 23(b)(3) is that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

# DEMAND FOR TRIAL BY JURY

46.

Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a. actual damages for the Plaintiff in any amount to be determined by the enlightened consciousness of a jury,

b. statutory damages for the Plaintiff and each member of the class, in an amount not less than $75,000;

c. attorney's fees, litigation expenses and costs of suit; and

d. such other or further relief as the Court deems proper.

Respectfully submitted this 19th day of August, 2014

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709

MILLER LEGAL, P.C.

3646 VINEVILLE AVE

MACON, GA. 31204

(478) 216-8529

(866) 704-3161 (FAX)

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: August 19th , 2014

/s/ Harlan S. Miller, III
Harlan S. Miller, III, Esq.
